# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

SAMUEL JOHNSON                                                                                            PETITIONER

VERSUS                                                         CIVIL ACTION NO.  4:11-cv-28-HTW-LRA

MERIDIAN MUNICIPAL COURT                                                              RESPONDENT

## MEMORANDUM OPINION AND ORDER

    This cause comes before this Court, *sua sponte*.  Having reviewed the record, this Court finds that Petitioner filed the instant civil action as a petition for habeas relief.  On April 14, 2011, an order [2] was entered directing Petitioner to amend his petition in the form and manner prescribed by the Rules Governing Section 2254 Proceedings on or before May 6, 2011.  Petitioner was warned that failure to comply could result in the dismissal of the instant civil action.  However, Petitioner failed to comply.

    When Petitioner failed to comply with the order [2] entered on April 14, 2011, an Order to Show Cause [3] was entered on May 24, 2011, directing Petitioner to amend his petition for habeas relief in the form and manner prescribed by the Federal Rules Governing Section 2254 Proceedings on or before June 8, 2011.  Once again, Petitioner was warned in that order [3] that failure to comply or failure to notify this Court of a change of address could result in the dismissal of the instant civil action.  However, Petitioner did not comply.

    Because Petitioner is *pro se*, a Second and Final Order to Show Cause [4] was entered on June 24, 2001, directing him to comply with the order [2] on or before July 11, 2011.  The Court warned Petitioner that this was his **final** opportunity to comply with the order [2] entered on April 14, 2011, and further stated that failure to comply would result in the instant civil action

being dismissed without prejudice and without further notice to Petitioner.  Petitioner failed to comply with that order [4].

This Court has the authority to dismiss an action for Petitioner's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*.  *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998);  *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id*. at 629-30.

Having reviewed the record, this Court finds that Petitioner has failed to comply with three Court orders [2, 3 & 4].  The court record further reflects that Petitioner has not contacted this Court since February 25, 2011, when he filed the instant civil action.  Therefore, this Court has determined that Petitioner's failure to comply with the orders of this Court or to otherwise communicate with this Court indicates that he lacks interest in pursuing this claim.  As a result, the Court concludes that dismissal of this action for Petitioner's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper.

Because the Respondents have never been called upon to respond to Petitioner's pleading and since the Court has never considered the merits of Petitioner's claims, the Court's order of dismissal will provide that dismissal is without prejudice.  *See Munday/Elkins Automotive Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

This the 25th day of August, 2011.

>s/ HENRY T. WINGATE
>UNITED STATES DISTRICT JUDGE

Memorandum Opinion and Order
Civil action no. 4:11-cv-28-HTW-LRA   3